UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

JASON R. SHUIMATE,                                    Case No. DK 14-06928
                                                      Hon. Scott W. Dales
                    Debtor.                            Chapter 7
_____/

THE STATE OF MICHIGAN,
DEPARTMENT OF LICENSING &                             Adversary Pro. No. 15-80021
REGULATORY AFFAIRS,
UNEMPLOYMENT INSURANCE
AGENCY,

                    Plaintiff,

v.

JASON R. SHUIMATE,

                    Defendant.
_____/

MEMORANDUM OF DECISION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge

On January 27, 2015, the State of Michigan Department of Licensing & Regulatory Affairs,

Unemployment Insurance Agency (the "Plaintiff") filed a well-pleaded complaint (ECF No. 1)

asserting a non-dischargeable debt for overpayment of unemployment benefits pursuant to 11

U.S.C. § 523(a)(2)(A) and (7) against Jason Shuimate (the "Defendant").[1]  The Defendant, through

counsel, filed an answer on March 4, 2015 (ECF No. 6). Both parties filed a discovery plan on

---

[1] The court is using the spelling of the Defendant's name that appears on his voluntary petition.

April 2, 2015 (ECF No. 9), and the court conducted a pretrial conference in Kalamazoo, Michigan, on April 16, 2015, at which both parties appeared through counsel. Following a second pretrial conference, the court issued a Second Pretrial Order on December 23, 2015, (ECF No. 16), setting deadlines for dispositive motions.

The Plaintiff filed a Motion for Summary Judgment on Nondischargeability on January 19, 2016 (the "Motion," ECF No. 17). The court issued a Scheduling Order directing the Defendant to file and serve a response to the Motion within fourteen days, and set a hearing on the Motion for February 23, 2016 in Kalamazoo, Michigan (ECF No. 18). After the fourteen day deadline passed without the Defendant's responding, the court issued a Notice of Intent to Rule on the Motion (ECF No. 19) informing the parties that a ruling would be rendered not sooner than seven days after entry of the notice unless the Defendant filed a motion or stipulation regarding extension of time to respond to the Motion. The Defendant filed no such motion or stipulation or for that matter, anything else. The Plaintiff's Motion, therefore, is unopposed.

A motion for summary judgment requires the court to look beyond the pleadings and consider the facts in the record to determine whether there is a genuine issue of material fact that warrants a trial. Fed. R. Civ. P. 56(c). The court must determine whether the evidence is so one-sided that only the moving party could prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Not only may the court consider all pleadings, depositions, affidavits and admissions on file, but it must also draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Although the Defendant has not opposed the Motion, the court has nevertheless drawn inferences against the Plaintiff, as Rule 56 contemplates, keeping in mind that a party may not simply rest on his pleadings.

Once a moving party identifies elements of a claim or defense that it believes is supported by the evidence, the non-movant must present affirmative evidence tending to show a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).

In its complaint, the Plaintiff has asserted that the Defendant certified that he was eligible for unemployment benefits during the weeks of July 17, 2010 through the week ending October 9, 2010, when in fact he was earning an amount that equaled or exceeded one and a half of his benefit rate.  Consequently, the State of Michigan ordered the Defendant to pay restitution in the amount of $3,299.00 for overpaid benefits.  In addition, the Plaintiff claims that it is also entitled to a fraud penalty pursuant to the Michigan Employment Security Act, M.C.L. § 421.54(b) of $12,514.00, because applicable law permits the quadrupling of damages if the amount of restitution on account of fraudulent benefits is $500.00 or more.

Section 523(a)(2)(A) and (7) state in pertinent part:

(a)  A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt –

(2) for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by –

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . .

(7)  to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty.

11 U.S.C. § 523(a).

Based upon the Plaintiff's well-pleaded allegations in its complaint, as well as the exhibits attached thereto, the affidavit of Doris Mitchell attached to the Motion (ECF No. 17-3), and the failure of the Defendant to present any affirmative evidence showing a genuine dispute of any material fact, the court finds, even after drawing all inferences in favor of the Defendant, that the Plaintiff's claims are supported by the evidence in the record and that the evidence is so one-sided that only the Plaintiff could prevail at trial. The amount of the debt, and its classification as among the exceptions to discharge enumerated in § 523(a)(2) and (a)(7), find support in the record.

Thus, the Plaintiff is entitled to a non-dischargeable debt determination pursuant to 11 U.S.C. § 523(a)(2)(A) and (7) that includes $3,299.00 in overpayments, $12,514.00 in statutory penalties, $1,222.28 in interest, and $350.00 in filing fees. The Defendant will receive a credit of $1,758.00 already paid, as reflected in the record. *See* Complaint at ¶ 23.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. The Motion (ECF No. 17) is GRANTED;

2. The judgment to be entered in this case shall declare the Defendant's debt of $15,627.28 to be excepted from discharge under § 523(a);

3. The hearing scheduled for February 23, 2016 in Kalamazoo, Michigan, is unnecessary and therefore CANCELED; and

4. Within fourteen days after entry of this Memorandum of Decision and Order Granting Plaintiff's Motion for Summary Judgment, the Plaintiff shall submit a

judgment, using the court's official form, consistent with the relief described herein.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order Granting Plaintiff's Motion for Summary Judgment pursuant to Fed. R Bankr. P. 9022 and LBR 5005-4 upon Michael O. King, Jr., Esq., Siri Lipscomb, Esq., Robert J. Pleznac, Esq., and Mr. Jason R. Shuimate.

END OF ORDER

**IT IS SO ORDERED.**

**Dated February 18, 2016**



Scott W. Dales
United States Bankruptcy Judge